IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DOROTHY ELKINS | ) | CIVIL ACTION 4:10-02648-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | ORDER |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance Benefits (DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. Upon consent of the parties, this case was referred to the undersigned for the conduct of all further proceedings and the entry of judgment.

**I. PROCEDURAL HISTORY**

The Plaintiff, Dorothy Elkins, filed an application for DIB on July 24, 2007, alleging inability to work since August 7, 2006. She alleged disability due to hypertension and abdominal pain from diverticulitis. (Tr. 118). Her application was denied at all administrative levels, and upon reconsideration. Plaintiff filed a request for a hearing. A hearing was held on September 17, 2009, at which time the Plaintiff and her non-attorney representative were present. The Administrative Law

Judge (ALJ) issued an unfavorable decision on October 7, 2009, finding Plaintiff was not disabled within the meaning of the Act. (Tr.14-24). In deciding that Plaintiff is not entitled to benefits, the ALJ made the following findings, which have been adopted by the Commissioner:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has not engaged in substantial gainful activity since August 7, 2006, the alleged onset date (20 CFR 404.1520(b) and 404.1571, *et seq*.).

3. The claimant has the following medically determinable impairments: hypertension and protuberant abdomen attributed to fatty tissue (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 404.1521).

5. The claimant has not been under a disability, as defined in the Social Security Act, from August 7, 2006, through the date of this decision (20 CFR 404.1520(c)).

(Tr. 14-24).

On August 9, 2010, the Appeals Council considered additional evidence, determined it did not provide a basis for changing the ALJ's decision, and denied Plaintiff's request for review. (Tr. 1-4). After the Appeals Council denied her request for review, Plaintiff engaged an attorney, Samuel H. Jefcoat, to represent her in this matter. By letter dated October 4, 2010, counsel submitted Plaintiff's school records to the Appeals Council with a request to reopen and revise their decision. By letter dated October 29, 2010, her counsel submitted an October 12, 2010 report of a psychological evaluation including IQ testing. Plaintiff states as of the date this action was filed, the Appeals

Council had not acted on the Request to Reopen and Revise the decision.[1] Plaintiff sought judicial review pursuant to section 205(g) of the Act, 42 U.S.C. § 405(g).

## II. ANALYSIS

Plaintiff filed the instant action on July 30, 2010. In her brief, Plaintiff argues as follows:

(1) The Appeals Council failed to reopen and revise and to fully discuss or evaluate new evidence submitted, thereby failing to properly evaluate whether plaintiff's impairment met the listing for mental retardation.

(2) The ALJ failed to develop the evidence regarding plaintiff's impairment by failing to obtain school records or order a consultative examination.

(Plaintiff's brief).

The Commissioner contends that the ALJ did not commit these errors and that substantial evidence supports the determination that Plaintiff was not disabled.

Under the Act, 42 U.S.C. Section 405(g), this Court's scope of review of the Commissioner's final decision is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether he applied the correct law. Richardson v. Perales, 402 U.S. 389 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). "Substantial evidence" is that evidence which "'a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. at 401 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The Court's narrow scope of review does not encompass a de novo review of the evidence, and the Commissioner's finding of

---

[1] As an attachment to its supplemental brief (Doc. 26), Defendant submits a letter dated April 15, 2011 from the Social Security Administration declining to reopen its decision.

3

non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405 (g); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. See 20 C.F.R. § 404.1520. An ALJ must consider whether: (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the claimant has an impairment which equals a condition contained in the Act's listing of impairments (codified at 20 C.F.R. Part 404, Subpart P, Appendix 1); (4) the claimant has an impairment which prevents past relevant work; and (5) the claimant's impairments prevent her from any substantial gainful employment. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a)(4); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An ALJ's factual determinations must be upheld if supported by substantial evidence and if proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

Under 42 U.S.C. Section 423(d)(5), the Plaintiff has the burden of proving disability, which is defined by Section 423(d)(1)(A) as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See also 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

### III. DISCUSSION

Plaintiff argues that the ALJ's decision should be reversed or remanded because the "Appeals Council failed to reopen and revise and to fully discuss or evaluate new evidence submitted, thereby failing to properly evaluate whether Plaintiff's impairments met the Listing for mental retardation."

(Plaintiff's brief). Specifically, Plaintiff argues that she underwent a psychological examination and IQ testing with Dr. Phillips which revealed Plaintiff has a valid verbal IQ score of 63 and exhibited subaverage intellectual functioning prior to age 22. Dr. Phillips diagnosed her with Borderline Intellectual Functioning; a Learning Disorder; Major Depressive Disorder, Recurrent; Mood Disorder with Anxiety due to Chronic Pain; Stress from Depression; Anxiety; Failure to Comprehend; and Pain. Dr. Phillips concluded the following:

> Based on the educational history, work history and functional level Ms. Elkins appears moderately limited and restricted in her ability to perform routine work in a normal work setting. She would have trouble understanding and following directions and she would be inconsistent in her performance and attendance due to her learning disorder, reduced intellectual ability and her depression. Her pain also adds to her ongoing level of stress.
>
> The observed ability of the claimant appeared to be in line with those claimed by the claimant. Her work-related ability appears to be about what she stated. The stated impairment is very likely to cause the level of impairment described by the claimant. The claimant is likely to need help handling her finances.

Dr. Phillip's report was not before the ALJ nor the Appeals Council when it reviewed the ALJ's decision. The report was not prepared, and thus not submitted, until after the Appeals Council denied the request for review. Plaintiff submitted this evidence along with a copy of Plaintiff's school records to the Appeals Council with the request to reopen her claim. Plaintiff asserts the decision should be remanded or reversed because the Appeals Council failed to reopen and revise the decision and to fully discuss or evaluate the new evidence submitted. For the reasons discussed below, this argument fails.

The dismissal by the Appeals Council of a claimant's request for review of an ALJ's decision makes the ALJ's decision the final decision of the Commissioner. 20 C.F.R. § 404.981, §422.210.

§404.972 establishes that the dismissal of the request for review is "binding and not subject to further review." A claimant then has 60 days to file an action in the district court to challenge the final decision of the Commissioner. Pursuant to §404.987, the Administration <u>may</u> reopen a final decision as set forth in §404.988. Generally, however, Federal courts lack jurisdiction to challenge the Commissioner's discretionary decision to grant or deny a request to reopen a case. <u>Carter v. Astrue</u>, 409 Fed. Appx. 967 (8th Cir. 2011): <u>Cash v. Barnhart</u>, 327 F.3d 1252, 1256-57 (11th Cir. 2003); <u>See California v. Sanders</u>, 430 U.S. 99 (1977); <u>Adams v. Heckler</u>, 799 F.2d 131 (4th Cir. 1986)(no jurisdiction to review Secretary's non-"final" decision). Plaintiff timely filed its action here challenging a final decision of the Secretary and, thus, jurisdiction is proper with this court. However, Plaintiff fails to argue or show why this court has jurisdiction to review the Secretary's denial of her request to reopen her administrative claim.

With regard to the school records and psychological evaluation report in relation to the soundness of the ALJ's decision, this court cannot consider evidence not contained in the record before the ALJ. <u>See</u> <u>Bishop v. Barnhart</u>, 78 Fed. Appx. 265, 268 (4th Cir. 2003) *citing* <u>Huckabee v. Richardson</u>, 468 F.2d 1380, 1381 (4th Cir. 1972)(holding that reviewing courts are restricted to the administrative record in determining whether the Commissioner's decision is supported by substantial evidence). Therefore, this court cannot review or consider Dr. Phillip's report/records or Plaintiff's school records as they were not made a part of the administrative record.[2]

---

[2] With regard to new evidence being submitted to the Appeals Council upon request for review of the ALJ's order, the regulations specifically permit claimants to submit additional evidence, not before the ALJ, when requesting review by the Appeals Council. <u>See id</u>. §§ 404.968, 404.970(b). In such cases, the Appeals Council first determines if the submission constitutes "new and material" evidence that "relates to the period on or before the date of the [ALJ's] hearing decision." <u>Id</u>. § 404.970(b). Evidence is new "if it is not duplicative or cumulative" and is material if there is "a reasonable possibility that the new evidence would have changed the outcome."

To the extent Plaintiff is asserting that the case be remanded for consideration of this additional evidence, the argument fails. Sentence six of 42 U.S.C. § 405(g) authorizes the courts to remand cases for consideration of additional evidence where the evidence is new and material and good cause exists "for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). In Borders v. Heckler, 777 F.2d 954 (4th Cir.1985), *superseded by statute*, 42 U.S.C. § 405(g), as recognized in Wilkins v. Sec'y, Dept. of Health and Human Servs., 925 F.2d 769, 774 (4th Cir.1991),[3] the Fourth Circuit explained:

---

Wilkins, 953 F.2d at 96.
    The Fourth Circuit recently addressed this issue in Meyer v. Astrue 2011 WL 6008976 (D.S.C. Dec. 2, 2011).
> In sum, the regulatory scheme does not require the Appeals Council to do anything more than what it did in this case, i.e., "consider new and material evidence ... in deciding whether to grant review." Wilkins, 953 F.2d at 95; see also Martinez v. Barnhart, 444 F.3d 1201, 1207–08 (10th Cir.2006) (finding "nothing in the statutes or regulations" requires the Appeals Council to articulate its reasoning when "new evidence is submitted and the Appeals Council denies review"); Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992) (rejecting contention that Appeals Council must "make its own finding" and "articulate its own assessment" as to new evidence when denying review); Damato v. Sullivan, 945 F.2d 982, 988–89 (7th Cir.1992) (holding that "the Appeals Council may deny review without articulating its reasoning" even when new and material evidence is submitted to it).

---

[3] Wilkins itself was vacated but other courts have continued to rely on Wilkins in acknowledging that the Borders four-part test still survives after amendment of Section 405. "Though the court in Wilkins indicated in a parenthetical that Borders' four-part test had been superseded by 42 U.S.C. § 405(g), the Fourth Circuit has continued to cite Borders as the authority on the requirements for new evidence when presented with a claim for remand based on new evidence, and the U.S. Supreme Court has not suggested that the Borders construction of § 405(g) is incorrect." Ashton v. Astrue, C.A. No. TMD 09-1107, 2010 WL 3199345, at *3 n. 4 (D.Md. Aug.12, 2010) (citing cases); Brooks v. Astrue, 2010 WL 5478648, at *8 & n. 4 (D.S.C. November 23, 2010)

> A case will be remanded to the Commissioner for consideration of newly discovered evidence where the following requirements are satisfied: (1) the evidence is relevant to the determination of disability at the time the application was first filed and not simply cumulative; 2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has presented to the remanding court at least a general showing of the nature of the newly discovered evidence.

Id. at 955 (internal citations and quotations omitted).

In her supplemental brief, Plaintiff argues that the additional evidence submitted is material and that she has good cause for not submitting it when the claim was before the Commissioner. As discussed below, Plaintiff in essence presents a conclusory argument that the additional evidence is material, and asserts that her low IQ and her lack of representation constitute good cause for not presenting the information in the administrative proceedings.

The second Borders factor, "material" evidence, requires that the additional evidence is such that had it been presented before, the ALJ's decision "might reasonably have been different." Plaintiff asserts that the evidence presents a low verbal IQ score and her "numerous health problems, which both individually and collectively would certainly meet the requirement of an 'additional and significant work-related limitation of function.'" (Supplemental Brief at p. 3). In other words, Plaintiff asserts that she has evidence that she meets Listing 12.05(C). In order to meet Listing 12.05(C), in addition to the introductory requirements, a plaintiff must show a verbal, performance, or full scale IQ of 60 through 70 and a "physical or other mental impairment imposing an additional and significant work related limitation of function" (hereafter referred to as Limitations of Functions). The additional evidence presented clearly shows a verbal IQ score meeting the listing; however, it is insufficient to meet the second prong of 12.05(C). Plaintiff presents the "conclusions" of Dr. Phillips

in support of this second prong of the second Borders factor. The notes to Listing 12.05(C) define this second prong, Limitations of Functions, as "severe impairment(s), as defined in §§ 404.1520(c) and 416.920(c)[significantly limits . . . ability to do basic work activities]. If the additional impairment(s) does not cause limitations that are 'severe' . . .," they do not meet the listing. While the evidence submitted contains an impairment, Major Depressive Disorder, Recurrent, that could be found to be "severe," Plaintiff fails to show "severe" limitations relating to this condition or any other impairment considered individually or collectively. Also, Plaintiff fails to show that the Major Depressive Disorder is relevant to the determination of disability at the time the application was filed.[4] Thus, Plaintiff fails to demonstrate that she could meet a listing and/or otherwise how the ALJ's decision might reasonably be different, the second prong of the Borders factor.

As to the third Borders factor, Plaintiff fails to show good cause for not presenting this evidence earlier. There is no showing that the school records were not available earlier and the record reflects that Plaintiff was represented below, albeit by a non-attorney. Accordingly, Plaintiff has not demonstrated good cause for her failure to submit the evidence earlier, and thus, has not met the third Borders factor.

Plaintiff contends also that the ALJ erred by failing to fully develop the record by not ordering a consultative examination for IQ testing and obtaining her school records since she was not represented by counsel at the time of the hearing. It is well-established in the Fourth Circuit that a claimant, appearing *pro se*, is "entitled to the sympathetic assistance of the ALJ to develop the record,

---

[4] See Fagg v. Chater, 106 F.3d 390 (4th Cir. 1997)(unpublished); Maestre v. Appel, 1998 WL 477950 (S.D.N.Y. 1998)(report indicating depressive disorder and mild mental retardation not "material" where it did not reference time when application filed or time of hearing before ALJ); Haney v. Shalala, 1994 WL 247207 (E.D. La. 1994)(same).

to assume a more active role and to adhere to a heightened duty of care and responsibility." Crider v. Harris, 624 F.2d 15, 16 (4th Cir.1980) (internal quotation marks and citation omitted). When presented with a *pro se* claimant, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts, being especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." Marsh v. Harris, 632 F.2d 296, 299 (4th Cir.1980) (internal quotation marks and citations omitted). If the ALJ's failure to do so results in less than a "full and fair hearing of their claims," then "good cause" may exist to remand "for the taking of additional evidence." Sims v. Harris, 631 F.2d 26, 27 (4th Cir.1980).

As previously stated, Plaintiff was represented before the ALJ, *albeit* by a non-attorney representative. Thus, the ALJ had no heightened duty in this case.  Nonetheless, Plaintiff did not allege a disability due to low intellectual functioning or mental impairment in her application or at the hearing.  Her responses on the "Function Report" do not indicate that she has or had intellectual issues, difficulty with memory or understanding. (Tr. 130-136). In fact, in the report, she listed one of her hobbies as reading (Tr. 134), and she responded "I can" to the question "[h]ow well do you follow written instructions? (For example, a recipe)." (Tr. 135). Also in the report, Plaintiff checked that she is able to pay bills, count change, handle a savings account, and use a checkbook/money order. (Tr. 133).  Plaintiff testified that she completed the eighth grade, and did not pursue a GED because she went to work. (Tr. 33).  She testified that she was able to work in the past but left her job because of abdominal pain. (Tr. 34).  Nothing in her testimony before the ALJ indicates any difficulty understanding and responding appropriately to questioning by the ALJ and her representative.

In a Disability Report, Plaintiff did report that she experienced feelings of sadness and frustration and difficulty concentrating due to constant pain. (Tr. 139).  Also, she testified that the pain

10

makes her frustrated and feel down, and that in the past she took Cymbalta[5]. (Tr. 44-45). However, the voluminous medical records in the administrative record contain notes from her medical providers routinely indicating she was alert and oriented with appropriate mood and no more than minimal limitations due to any mental impairment. The medical records do not reveal intellectual restrictions on her ability to work. In September 2007, Ms. Rebecca Rowan, a nurse practitioner, stated the only mental diagnosis that she was aware of was "malingering, made by her previous primary care provider." (Tr. 337). Additionally, Ms. Rowan noted that Plaintiff did not "exhibit any work-related limitations in function due to a mental condition", she is capable of handling her own funds, and she had never treated Plaintiff for any mental condition. Id. Plaintiff was noted as being alert, oriented, had intact thought process, and good attention, concentration, and memory. (Tr. 337). Furthermore, there is no evidence in the administrative record of, and Plaintiff testified that she had not received, treatment from a psychiatrist or counselor. (Tr. 50). At the time of the hearing, she was not taking any medication for depression or mental impairments. At the conclusion of the testimony, the ALJ asked Plaintiff as follows:

> Okay. Ms. Elkins, it appears that Mr. Disparti and I have exhausted our questions, but I want to give you the last word. Is there anything else you wanted to tell me? You've been waiting for your hearing for a while, I'm sure there's, you're going over in your mind what you wanted me to know. Anything else we missed, or anything else you wanted to tell me a little bit more about that maybe we haven't gone over yet?

(Tr. 51). Plaintiff responded "[n]o, sir."

Based on the record, the undersigned finds that the ALJ did not commit reversible error and that the record does not establish that the ALJ needed to further develop the record with additional

---

[5] It appears that Dr. Bernardo prescribed the Cymbalta. However, his notes do not indicate any significant mental condition. (See Tr. 423-33).

facts or issues with regard to her intellectual functioning or mental condition (to include school records or an IQ evaluation) to have an adequate record and provide a full and fair hearing to the Plaintiff.[6]

### IV. CONCLUSION

This Court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence. Richardson, 402 U.S. at 390. Based upon the foregoing, this Court concludes that the ALJ's findings are supported by substantial evidence. Therefore, it is ORDERED that the Commissioner's decision be AFFIRMED.

AND IT IS SO ORDERED.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

February 24, 2012  
Florence, South Carolina

---

[6] These were the only arguments raised by the Plaintiff in her brief.